**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**CORA MITCHELL, Personal
Representative of the Estate of
ROBERT MITCHELL,**          CIVIL ACTION NO. 09-CV-11480

        **Plaintiff,**          DISTRICT JUDGE JOHN CORBETT O'MEARA

    **vs.**          MAGISTRATE JUDGE MONA K. MAJZOUB

**CITY OF WARREN, et al.,**

        **Defendants.**
_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL RESPONSE TO
PLAINTIFF'S FIRST AND SECOND REQUESTS FOR PRODUCTION OF
DOCUMENTS (DOCKET NO. 41)**

This matter comes before the Court on Plaintiff's Motion to Compel Response to Plaintiff's First and Second Requests for Production of Documents. (Docket no. 41). Defendants City of Warren, Warren Police Commissioner William Dwyer, and Warren police officers Raymond Henke and Jesse Lapham filed a response. (Docket no. 57). Plaintiff filed a reply. (Docket no. 61). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 64). The motion has been referred to the undersigned for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 45). The Court heard oral argument on the motion on March 28, 2012. This matter is now ready for ruling.

Cora Mitchell, as personal representative of the estate of her deceased son Robert Mitchell, brings this action against the City of Warren, Warren Police Commissioner William Dwyer, Warren police officers Raymond Henke and Jesse Lapham, Taser International, Inc., and Michigan Taser

1

Distributing, Inc. Plaintiff's second amended complaint alleges claims of excessive force, denial of equal protection, conspiracy invidious racial animus, *Monell* violations, wrongful death, failure to warn products liability, gross negligence, negligence, and breach of express and implied warranty. (Docket no. 76).

On March 25, 2010 Plaintiff served her First Request for Production of Documents to the City of Warren, Dwyer, Henke, and Lapham. (Docket no. 41, ex. 1). She served her Second Set of Interrogatories and Requests for Production of Documents to the City of Warren, Dwyer, Henke, and Lapham on February 3, 2011. (Docket no. 41, ex. 7). Defendants served responses and objections to the requests on May 19, 2010 and March 7, 2011. (Docket no. 41, exs. 2, 8). The Joint Statement reveals that the parties have been unable to resolve their dispute with regard to First Request for Production nos. 9-13 and Second Request for Production nos. 26-34.

First Request for Production no. 9 is redundant and duplicative of First Request for Production no. 12. Plaintiff's motion is denied as to this request.

First Request for Production no. 10 is overbroad in time and scope. Defendants are directed to produce unredacted copies of all documents within their possession, custody, or control for incidents occurring from 2005 through 2011 that are related to: (a) pursuing, or chasing, a person without probable cause to believe that they have committed a crime; (b) excessive force, or any other improper seizure of a person; (c) the discharge of a firearm; (d) any use of a taser or other electronic control device (ECD) against an unarmed person; and (e) racially motivated or discriminatory conduct. Plaintiff's request for documents related to the failure to prevent fellow officers from violating a citizen's rights will be denied for lack of relevance. Plaintiff's requests for documents related to improper report writing and improper demeanor will be denied as vague and overbroad.

First Request for Production no. 11 is overbroad in time and scope. Defendants are directed to produce unredacted copies of all claims or complaints within their possession, custody, or control that were made by a resident of the City of Detroit, or that arose from incidents that took place inside the City of Detroit, from 2005 through 2011 that are related to (a) pursuing, or chasing, a person without probable cause to believe that they have committed a crime; (b) excessive force, or any other improper seizure of a person; (c) the discharge of a firearm; (d) any use of a taser or other electronic control device (ECD) against an unarmed person; and (e) racially motivated or discriminatory conduct.

The Court will grant Plaintiff's motion with respect to First Request for Production no. 12, and will direct Defendants to produce unredacted copies of all documents within their possession, custody, or control, including unredacted incident reports and investigative records, for incidents occurring from 2005 through 2011 that pertain to any incident involving any Warren Police officer in which there was the discharge of a firearm, and/or the deployment of a taser device or other electronic device (ECD) against an unarmed person.

The Court will grant Plaintiff's motion with respect to First Request for Production no. 13, and will direct Defendants to produce all documents within their possession, custody, or control having to do with any investigation by the Macomb County Prosecutor's Office into the discharge of a firearm, and/or the deployment of a taser against an unarmed individual by any Warren Police officer between 2005 and 2011.

Second Request for Production no. 26 asks Defendants to produce, among other things, documentation of Defendant Lapham's psychological examinations. Plaintiff maintains that her request encompasses both pre-employment and post-incident psychological examinations.

Defendants assert the psychotherapist-patient privilege and object to the request on the grounds that Defendant Lapham had a reasonable expectation of confidentiality in any underlying psychological reports. *See Jaffee v. Redmond*, 518 U.S. 1 (1996). Defendants further contend that Defendant Lapham's detailed psychological evaluation reports were never provided to the police force, which instead was provided only with a simple report stating whether he was fit for duty or not. The Court has not been made aware of any facts to indicate that Defendant Lapham authorized disclosure of his psychological records or was aware that his communications with the psychotherapist would not remain confidential and would be disclosed to third parties. *See, e.g., Scott v. Edinburg*, 101 F.Supp.2d 1017, 1018-20 (N.D. Ill. 2000). The Court will deny Plaintiff's motion to compel production of Defendant Lapham's psychological examinations, testing, or evaluations.

The Court will direct Defendants to respond in full to Second Request for Production nos. 27, 28, 29, and 30.

The Court finds that Second Request for Production nos. 31 and 32 are overbroad in time and scope. Plaintiff's motion to compel is denied as to these requests.

The Court will grant Plaintiff's motion with respect to Second Request for Production no. 33, and will direct Defendants to produce an authorization for employment records from the City of Detroit that complies with the Michigan Bullard-Plawecki Act.

The Court will grant Plaintiff's motion with respect to Second Request for Production no. 34. Defendants are directed to produce documents within their possession, custody, or control that are responsive to this request. If no such documents exist which have not already been produced Defendants must state as much in their response.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Response to Plaintiff's

First and Second Requests for Production of Documents (docket no. 41) is **GRANTED IN PART** as described in this order. On or before May 13, 2012 Defendants must produce documents responsive to First Request for Production nos. 10, 11, 12, 13, and Second Request for Production nos. 27, 28, 29, 30, 33, and 34 as discussed herein. Plaintiff's motion is denied as to First Request for Production no. 9 and Second Request for Production nos. 26, 31, and 32.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 23, 2012         s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.


Dated: April 23, 2012         s/ Lisa C. Bartlett
                              Case Manager