UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CORA MITCHELL, on behalf of
herself individually and as Personal
Representative of the Estate of
ROBERT MITCHELL,**

      Plaintiff,                        Civil Action No.: 09-cv-11480

      v.                             District Judge John Corbett O'Meara

                                    Magistrate Judge Mona K. Majzoub

**WARREN, CITY OF, et al.,**

      Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO
AMEND WITNESS LIST [154], DENYING PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' EXPERTS [155], AND DENYING PLAINTIFF'S MOTION TO
EXPEDITE RULING [179]**

This matter comes before the Court on Defendant TASER International, Inc.'s Motion for Leave to Amend Witness List (Docket no. 154), and Plaintiff Cora Mitchell's Motion to Strike Defendants TASER International, Inc. and Michigan Taser Distributing, Inc.'s Experts Who Were Not Timely Designated and to Preclude Their Testimony at Trial (Docket no. 155). The parties have filed Responses and Replies to both motions. (Docket nos. 160, 161, 162, and 165.) Plaintiff also filed a Motion for Expedited Ruling on the above-mentioned motions (Docket no. 179) to which Defendants responded (Docket no. 181). The motions have been referred to the undersigned for consideration. (Docket nos. 158 and 203.) The parties have fully briefed the motions; the Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

1

**I.     Background**

This case arises from the death of Robert Mitchell in connection with an arrest-related incident on April 10, 2009 involving police officers from the City of Warren. (*See* docket no. 75.) Plaintiff Cora Mitchell, on behalf of herself individually and as Personal Representative of the estate of her decedent son, Robert Mitchell, brought this action against the City of Warren, Warren Police Commissioner William Dwyer, Warren police officers Raymond Henke and Jesse Lapham, TASER International, Inc., and Michigan Taser Distributing Inc. (*Id.*) Plaintiff's Second Amended Complaint alleges claims of excessive force, denial of equal protection, conspiracy invidious racial animus, *Monell* violations, wrongful death, failure to warn products liability, gross negligence, negligence, and breach of express and implied warranty. (*Id.*)

The Court's Scheduling Order, dated November 15, 2012, set forth the following deadlines (as relevant to the instant motions):

- May 28, 2013 - Witness Lists due for both lay and expert witnesses
- July 31, 2013 - Plaintiff's Rule 26(a)(2) Expert Disclosures and Reports due
- September 13, 2013 - Defendants' Responsive Rule 26(a)(2) Expert Disclosures and Reports due
- October 25, 2013 - Rebuttal Expert Disclosures and Reports due
- December 20, 2013 - Expert Discovery deadline
- May 6, 2014 - Jury Trial

(Docket no. 120.)

The parties filed their witness lists by the May 28, 2013 deadline. (Docket nos. 130 and 131.) Plaintiff's witness list denotes six experts by name, contact information, and area of testimony. (Docket no. 130 at 12-13.) Defendants' witness list presents seven experts by name and eight experts by area of testimony only. (Docket no. 131 at 1-2.) Both parties use similar language to reserve the right to amend and/or supplement their witness lists:

> Plaintiff reserves the right to amend this Witness List to name additional expert witness(es), pending the completion of factual discovery.

(Docket no. 130 at 12);

> Plaintiff reserves the right to name additional expert witnesses, once the opinions of the Defendants' experts have been disclosed through reports and depositions.

(*Id.* at 13); and

> Discovery is ongoing, and [Defendants] reserve the right to amend, delete from, and supplement this list of fact and expert witnesses as information becomes available, issues are streamlined for trial, and expert disclosures are readied, including after Plaintiff's experts and their opinions have been disclosed through reports or depositions.

(Docket no. 131 at 4).

The parties also exchanged their Rule 26(a)(2) expert disclosures and reports by the respective deadlines.  (*See* docket no. 155 at 3.)  Defendants' expert disclosures identified by name four of the experts previously only identified by area of testimony on their witness list.  (Docket no 154 at 6.)  Defendants filed the instant Motion for Leave to Amend Witness List on September 27, 2013 to update their witness list with the names of those four experts initially only identified by category.  (*Id.* at 1.)  The same day, Plaintiff filed the instant Motion to Strike Defendants' Experts Who Were Not Timely Designated and to Preclude Their Testimony at Trial.  (Docket no. 155.)  The parties filed Responses and Replies to both Motions.  (Docket nos. 160, 161, 162, and 165.)  Plaintiff also filed a Motion for Expedited Ruling on the above-mentioned motions (Docket no. 179) to which Defendants responded (Docket no. 181).

## II. Governing Law

As provided by Federal Rule of Civil Procedure 16(b), a court's scheduling order may be modified only for good cause and with the judge's consent.  Good cause is met by determining

the moving party's diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice by amending the scheduling order. *Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003). A court may issue sanctions under Rule 37(b)(2)(A)(ii)-(vii) if a party fails to obey a scheduling order. Fed. R. Civ. P. 16(f).

Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to disclose the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Rule 26(a)(2)(B) provides that an individual retained to provide expert testimony shall provide a written report that contains a complete statement of all opinions to be expressed and the basis and reasons for them; the data or other information considered by the witness in forming his or her opinion; any exhibits that will be used; the witness' qualifications; a list of cases in which the expert has given testimony; and a statement of the compensation to be paid to the expert. The Rule also provides that these disclosures must occur at the times and in the sequence that the court orders. Fed. R. Civ. P. 26(a)(2)(D). In the absence of a stipulation or court order, the disclosures must be made at least ninety days before the trial date or the date the case is to be ready for trial. Fed.R.Civ.P. 26(a)(2)(D)(i). Furthermore, these disclosures must be supplemented when required under Rule 26(e). Fed.R.Civ.P. 26(a)(2)(E). Rule 26(e)(2) states that for expert witnesses, the party's duty to supplement extends to information included in the expert report and to information given during the expert's deposition. Any additions or changes are required to be made by the time the party's pretrial disclosures under Rule 26(a)(3) are due. Fed. R. Civ. P. 26(e)(2).

Rule 37(c), Fed. R. Civ. P., provides sanctions for failing to disclose or supplement an earlier disclosure. "If a party fails to provide information or identify a witness as required by

Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "A district court has broad discretion in determining whether a Rule 26 violation is justified or harmless." *Heartland Rehab. Serv., Inc. v. Mekjian*, No. 06-11769, 2007 WL 1266352, at *1 (E.D. Mich. May 1, 2007) (citing cases).

**III.   Analysis**

Defendants assert that they submitted their expert disclosures in good faith in accordance with the Court's Scheduling Order and that Plaintiff will not suffer prejudice if the Court permits Defendants to amend their witness list. (*See generally* docket no. 154.) Plaintiff contends that Defendants' expert disclosures were untimely in violation of the Court's Scheduling Order and Federal Rule of Civil Procedure 26(a)(2)(A). (*See generally* docket no. 155.) Plaintiff further contends that sanctions are appropriate because Defendants' untimely expert disclosures are neither substantially justified nor harmless. (*Id.*)[1]

First, there is no evidence that Defendants were acting in bad faith or trying to circumvent the Court's Scheduling Order. Defendants filed both their witness list and expert disclosures on time in accordance with the Scheduling Order. Defendants then filed the instant motion to amend their witness list within two weeks of filing their expert disclosures, which at that point was simply a formality because they had already provided the names of their experts in

---

[1] The parties have also raised a procedural issue under Local Rule 7.1 in their motions. Plaintiff contends that Defendants did not properly seek concurrence from Plaintiff before filing their Motion for Leave to Amend, while Defendants assert that they did. Both parties have filed affidavits to support their positions. (Docket nos. 154-2 and 160-1.) The Court finds that Defendants attempted to seek concurrence and proceeds to address the substantive issues of the parties' motions.

5

their expert disclosures. All of these actions took place well before the December 20, 2013 expert discovery deadline and over seven months before the May 6, 2014 trial date.

Next, prejudice is lacking where Plaintiff, having received Defendant's expert disclosures three months before the expert discovery deadline, had ample time and opportunity to conduct further discovery, depose Defendants' experts, and file her rebuttal expert disclosures, all while remaining within the confines of the Court's Scheduling Order. Also, Plaintiff and Defendants used similar language in their witness lists to reserve the right to amend and supplement their lists with the names of additional experts as discovery progressed. Thus, Plaintiff cannot claim unfair surprise where Defendants are now seeking to do just that.

For the reasons stated, the Court finds that good cause exists for granting Defendant's Motion for Leave to Amend their Witness List. Furthermore, the Court finds that Defendants disclosed their expert witnesses in accordance with Federal Rule of Civil Procedure 26(a) and will deny Plaintiff's request for sanctions under Rule 37.

In her motion, Plaintiff requests that if the Court declines to strike Defendants' experts, it order that their depositions take place in Michigan at the Defendants' expense. (Docket no. 155 at 10.) Defendants assert that they have proposed a cost-splitting scheme to Plaintiff in which Defendants would cover the cost of their own experts' preparation, travel, and board, while Plaintiff would be responsible for the experts' time spent being deposed in the states where the experts are located. (Docket no. 161 at 16.) This proposal easily and reasonably resolves the dispute; thus, the Court will order that expert depositions be conducted within 21 days of this Order on mutually convenient dates, times and locations, and that Plaintiff's request that

Defendants' experts be deposed in Michigan be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to Amend Witness List [154] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Experts [155] is **DENIED** as follows:[2]

a. Plaintiff's Motion to Strike Defendants' Experts Who Were Not Timely Designated and to Preclude Their Testimony at Trial is DENIED;

b. Plaintiff's request for sanctions under Federal Rule of Civil Procedure 37 is DENIED;[3] and

c. Plaintiff's request for alternative relief that the depositions of Defendants' experts take place in Michigan at Defendants' expense is DENIED. Expert depositions must be conducted within 21 days of this Order on mutually convenient dates, times and locations in accordance with Defendants' cost-splitting proposal.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Expedited Ruling [179] on Defendant's Motion for Leave to Amend [154] and Plaintiff's Motion to Strike [155] is **DENIED** as moot.

---

[2] Plaintiff withdrew the portion of her motion regarding the testimony of Patrick Smith (Docket no. 165 at n.1); therefore, the Court did not address this issue.

[3] In Plaintiff's argument for sanctions, she alleges that Defendants have established a pattern of noncompliance with the Court's Orders and Rules. (Docket no. 155 at 8-10.) The Court did not consider this issue in denying Plaintiff's request for sanctions as this argument is outside the scope of the instant motion.

**NOTICE TO THE PARTIES**

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  April 1, 2014			s/ Mona K. Majzoub
					MONA K. MAJZOUB
					UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: April 1, 2014			s/ Lisa C. Bartlett
					Case Manager